STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. JAMES ATHORN, Jr., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 3, 1966—Decided October 14, 1966.

See also 46 *N. J.* 247, 216 *A. 2d* 369.

Before Judges CONFORD, FOLEY and LEONARD.

*Mr. Edward G. D'Alessandro* argued the cause for appellant (*Messrs. Friedman & D'Alessandro,* attorneys; *Mr. Louis M. Minotti,* on the brief).

*Mr. Joel Sondak,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Brendan T. Byrne,* County Prosecutor, attorney).

The opinion of the court was delivered by

LEONARD, J. A. D. We conclude that the judgment of conviction of misconduct in office and extortion entered against defendant in the trial court should be affirmed.

Defendant first argues that he was prejudiced by the action of the trial court with respect to alleged prior inconsistent statements of the state's witnesses, Constantine Jolas and Henry Dubose, which were used by the defense for the purpose of affecting the credibility of those witnesses. During the cross-examination of the witness Jolas, he was confronted with such a statement and he admitted his signature thereto. Defense counsel then asked whether the witness made the statement and as a part of this inquiry he commenced reading portions thereof. At this point the examination was interrupted and a lengthy colloquy occurred between the court and counsel as to whether the statements were "voluntary" and upon whom the burden of proof rested as to this issue. At first the court made a tentative ruling (hereinafter discussed) but later suggested that it would like to have further time to reflect on the matter and requested counsel to present

it with "some authority." Defense counsel then stated "I agree with you, Judge * * * I wanted some time * * *." He then agreed with the court that Jolas would be removed from the stand, another witness put on, and the cross-examination of Jolas on the three statements allegedly made by him would be resumed the next day.

Defendant now asserts this action was prejudicial because it "prevented him from focusing the attention of the jury on the testimony of the witness and his demeanor at the moment of confrontation." We deem this point to be wholly without merit. On the following day Jolas was thoroughly and exhaustively cross-examined on all these statements and they were ultimately received in evidence. Thus defendant had full use of the inconsistent statements in his attempt to impeach the credibility of the witness. Furthermore, defendant cannot now complain about a course of action which he "wanted" and to which he acquiesced.

In the colloquy referred to above, the prosecutor asserted that all these statements had been obtained "under force, duress or mental coercion." It was at this point that the court tentatively ruled that the burden was upon defendant to prove the voluntariness thereof and that "it would hold further cross-examination of Jolas until defendant produced the witness who took the statements and made such a 'preliminary' showing." However, upon further reflection the court did not follow this procedure. Rather, as noted above, defendant was permitted to cross-examine Jolas thoroughly upon the statements he signed before any defense witnesses were called. The same course was followed as to the State's witness Dubose. Both admitted their signatures but denied having made the inconsistent parts of the statement. Thereafter defendant, as a part of his case, called the individual who took the statement and the witnesses who were present at the time of the taking and they testified fully to all the attendant circumstances.

■ The procedure followed by the trial court was in full compliance with established legal principles. When a witness

acknowledges his signature to an alleged prior inconsistent statement, he may be cross-examined as to the facts set forth therein even though he denies having made the statement. *Miller v. Henderson*, 41 *N. J. Super.* 15, 23–24 (*App. Div.* 1956), certification denied 22 *N. J.* 229 (1956). However, upon such a denial the statement may not be admitted into evidence until the party who wrote it out or someone else having knowledge of the facts is first called to testify that the statement contained a true account of what the witness had said. *Ibid.; Altieri v. Public Service Railway Co.*, 103 *N. J. L.* 351 (*E. & A.* 1927); *Wassmer v. Public Service Electric & Gas Co.*, 122 *N. J. L.* 367, 373 (*E. & A.* 1939).

After the introduction of the testimony of the defense witnesses as to the circumstances surrounding the taking of the statements, Jolas and Dubose were called as rebuttal witnesses and testified, without objection, to their version of those circumstances. Defendant now argues that this rebuttal evidence should have been excluded by the trial judge and that its introduction "forced the introduction of" a "collateral issue" which prejudiced him. While we are unable to find any authority in this State specifically treating with the question thus raised, we are of the view that defendant's position is without merit.

In *Johnson v. Sloveken*, 52 *N. J. Super.* 460, 463–464 (*App. Div.* 1958), the court sustained the action of the trial court in refusing to allow *defendant* to ask plaintiff on cross-examination for her explanation of an alleged discrepancy between her trial testimony and testimony given at a prior hearing. In so doing the court noted that "In any case, however, the *right to explain is that of the witness sought to be impeached*." (Emphasis added)

In *State v. Dichter*, 95 *N. J. L.* 203, 206 (*E. & A.* 1920), the court upheld a trial judge who prohibited a witness from attempting, on cross-examination, to explain the circumstances attendant upon alleged prior inconsistent statements, when the witness denied making the statements, until after the witness's denial was first contradicted by the persons to

whom he made the statements. The court noted without adverse comment that later in the case the denial was contradicted by these persons and then the witness was permitted to testify in explanation.

Of particular interest is *Schneider v. Preis,* 79 *N. J. Super.* 400 (*App. Div.* 1963). In that case the court reversed the action of the trial court in allowing a defense witness to testify to a contradictory statement given by a plaintiff's witness, prior to confrontation of that witness with the statement on cross-examination. The court indicated that the purpose of requiring such a foundation is "to give him [the witness] an opportunity to identify, *explain* or deny the statement." (at *p.* 408; emphasis added)

Defendant in *Schneider* contended that the irregularity of admitting the impeaching evidence without the laying of a proper foundation "could have been cured by putting the impeached witness on the stand to give her version of the statement, imputed to her." In disposing of this contention the court stated "plaintiff did not call Linnette [the witness] in rebuttal, and we have found no New Jersey decision which *required* him to do so." (at *p.* 409; emphasis added)

The rule is universally accepted elsewhere that a witness who is confronted by an allegedly prior inconsistent statement may, in an attempt to explain away the supposed inconsistency, testify to the circumstances surrounding the giving or signing of the statement. See 3 *Wigmore On Evidence* (3d ed. 1940), § 1044, *p.* 737, and the numerous cases cited on *pp.* 737–739 therein.

Defendant further urges as grounds for reversal that the trial court erred in the following respects: (1) in denying his motion to suppress the evidence seized at the time of his arrest; (2) in denying his motion for a new trial and to set aside the verdict as against the weight of the evidence; (3) in allowing the State to proceed beyond the scope of the bill of particulars; (4) in imposing sentence on each of the grounds of the indictment and, (5) in the rationale upon which said sentence rested. Defendant also contends that

"the intrusion into the trial of this matter by the trial judge and his comments to defendant's counsel were prejudicial to the defendant." Defendant finally argues that the charge by the trial court "as to the use of prior convictions of crime" constituted plain error.

We have carefully examined each of these contentions and find them all to be totally without merit.

Affirmed.