110 N.J. Super. 277 (1970)
265 A.2d 394
ANGELINA JOHNSON, PLAINTIFF-APPELLANT,
v.
JOHN MALNATI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1970.
Decided May 11, 1970.
*279 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Avrom J. Gold argued the cause for appellant (Messrs. Irving & Barry R. Mendelbaum, attorneys)
Mr. Robert E. Tarleton argued the cause for respondent (Messrs. Keale, Tarrant & Tarleton, attorneys; Mr. Arthur G. Stein, On the Brief).
The opinion of the court was delivered by LEONARD, J.A.D.
Plaintiff and defendant were the operators of two motor vehicles which were involved in a collision at the intersection of Columbia Avenue and Devon Street, Kearny, on December 23, 1964. Plaintiff instituted this action to recover for personal injuries and attendant *280 damages and defendant counterclaimed for property damage to his motor vehicle. Following a jury trial limited to liability alone, the jury returned a verdict of no cause of action as to both parties. Only plaintiff appeals.
Her contention that the assignment judge committed prejudicial error in ordering this "simple tort" case to be tried on liability alone is without substance. On January 6, 1969, the day fixed for the trial, plaintiff's attorney requested an adjournment on the ground that his medical witness was unavailable. The case was then on the trial list for over three years. Under these circumstances, we find no mistaken exercise of discretion by the trial judge in denying the request for an adjournment and directing the matter to proceed to trial solely on the issue of liability. R.R. 4:43-2(b), now R. 4:38-2(b).
Following the accident plaintiff was taken by police ambulance to the hospital emergency room where she was met by the attendant nurse who, at the trial, was called by defendant as a witness. The nurse testified, over objection, that plaintiff while in the emergency room told her that "she misjudged a turn and hit another car * * *." The nurse recorded this statement in the hospital report, which document she had with her while testifying.
Plaintiff contends that the testimony of the nurse was not admissible either as a present recollection refreshed or as past-recollection recorded and that the same should have been excluded by the trial judge. She asserts that the witness referred to the hospital report and read from it while testifying even though she could not say that it refreshed her recollection. Thus, plaintiff argues that the report was indirectly allowed into evidence even though the trial court had previously excluded it. However, the record discloses that the witness testified that her memory was refreshed "after reading it [the report]." In any event, under the circumstances here present, it was permissible for the witness to read from the report. Evidence Rule 63(1) (b) (iii). This point lacks merit.
*281 Following the nurse's testimony plaintiff was recalled to the stand as a rebuttal witness and asked to describe her condition in the hospital emergency room when she allegedly made the statement in controversy. Upon objection plaintiff was not permitted to answer. In the course of the argument between counsel as to the admissibility of this evidence plaintiff was allowed, out of the presence of the jury, to make a proffer of her proof wherein she described her condition as follows:
I had severe pain in my stomach from hitting the steering wheel and pains in my chest, and my face was bleeding. I had pains in my gums and lower chin and a few teeth were knocked out and I was bleeding profusely, and I had to have a towel up to my mouth to stop the bleeding.
Upon being questioned as to her mental condition plaintiff replied, "I don't know. All I know I had terrible pain. I don't remember anything else." The trial court excluded this testimony upon the ground that the trial was limited to the issue of liability and that any testimony as to plaintiff's injuries would have been prejudicial to defendant. In so doing the court erred.
It has been generally recognized that the party against whom an alleged admission is shown may introduce evidence to explain the statement and thus diminish its weight as an admission. He may show the circumstances under which the statement was made. 31A C.J.S. Evidence § 380, at 915-917; 3 Wigmore on Evidence (3d ed. 1940) § 1044, p. 737. We have held that a witness who is confronted with a prior inconsistent statement may, in an attempt to explain away the supposed inconsistency, testify to the circumstances surrounding the giving of the statement. State v. Athorn, 92 N.J. Super. 326, 329-330 (App. Div.), certif. den. 48 N.J. 355 (1966). We conclude that the same rule is applicable to admissions. Cf. Atlantic Northern Airlines, Inc. v. Schwimmer, 12 N.J. 293, 304-305 (1953). Thus, plaintiff's proffered *282 testimony as to her physical and mental condition should have been received in evidence.
The mere fact that the trial was limited to the issue of liability and that evidence of her condition would involve a general description of her injuries is not sufficient reason to exclude that evidence. Where relevant evidence is admissible for one purpose and is inadmissible for another purpose, the judge should restrict the evidence to its proper scope and instruct the jury accordingly. Evidence Rule 6. Such evidence should not be excluded. Dolan v. Newark Iron & Metal Co., 18 N.J. Super. 450, 456 (App. Div. 1952).
Defendant asserts that plaintiff is precluded from raising the contention as to the admissibility of this testimony because her attorney chose not to use her as a rebuttal witness by voluntarily withdrawing her from the stand. The record does not support this contention. Plaintiff's attorney made several persistent, unsuccessful attempts to introduce this evidence. Each time the court ruled against him. After the proffer of proof was made the court, with finality, ruled that the testimony was inadmissible. Following this, plaintiff's withdrawal as a rebuttal witness must be construed as an act of "respectful submission rather than one of acquiescence." Corbett v. VanKirk, 38 N.J. Super. 478, 484 (App. Div.), certif. den. 21 N.J. 549 (1956).
Having determined that the trial court erroneously excluded this testimony, we consider next the critical issue of whether plaintiff was thereby prejudiced. Defendant argues that testimony of plaintiff's physical condition at the time she made the statement to the nurse was already in evidence, her deposition having been read to the jury by defendant's counsel during his case. Therein, in response to the question of whether she remembered telling anyone while lying on a police stretcher in the emergency room that she had missed her turn as she approached the intersection, plaintiff responded, "I didn't tell them anything at that point. My mouth was bleeding and I was half in shock."
*283 However, it is not the inveterate rule that the mistaken exclusion of legally admissible evidence is necessarily rendered harmless by the event that its subject matter can be inferred from other evidence which was received or that its impact otherwise came to the general attention of the jury. Corbett v. VanKirk, supra, 38 N.J. Super. at 486. The influential character and relationship of the proffered evidence to a material point in controversy and the substantiality of the right of the party to have it admitted are considerations of paramount importance. Id. at 486. As we said in Corbett,
The problem loses complexity where the excluded evidence would have been of merely slight or conjectural value and related to a factual issue as to which there was no influential materiality in the ultimate decision of the case. Such an error does not ordinarily warrant a reversal of that final judgment. To the contrary, the erroneous exclusion of evidence the existence of which in the case might by reason of its relevant materiality to a cardinal contentious issue therein have in reason altered the verdict more favorably to the appellant, the mistaken ruling is regarded as an injurious impairment of a substantial right [at 486]
Here, the conduct of each driver at or about the intersection was of prime import. Each had testified to his or her respective prudent driving. Plaintiff testified she had been proceeding east on Columbia Avenue for one block and intended to travel straight on through the intersection to the next block. If so, she contemplated no turns which she could have possibly "misjudged." Defendant stated that he had slowed down for a stop sign, came to a complete stop before going into the intersection and entered the intersection first. A witness for plaintiff testified that plaintiff entered the intersection first, that defendant did not stop at the stop sign, and that defendant admitted to him that he did not stop or slow down. Thus, the issue of liability was a close one and its resolution depended primarily upon the jurors' assessment of the credibility of the witnesses.
It is also to be noted that the proffered testimony more greatly detailed plaintiff's physical and mental condition *284 than did her deposition testimony. Further, the latter was an isolated statement which was contained in the more than 30 pages of testimony read to the jury by defense counsel. Under the totality of these circumstances, we hold that the exclusion of the proffered testimony as to plaintiff's physical and mental condition at the time she gave the statement to the nurse was inconsistent with substantial justice and was clearly capable of producing an unjust result. R.R. 1:5-3(b), now R. 2:10-2. This conclusion mandates a finding that plaintiff was prejudiced.
Judgment reversed and the matter is remanded to the trial court for a new trial in accordance herewith.